IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANIEL VASQUEZ**,

    Plaintiff,

v.                                                                                            **No. 13cv853 MV/GBW**

**BANK OF AMERICA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on Defendant Bank of America's *Motion to Dismiss*, filed September 13, 2013 [Doc. 6]. Daniel Vasquez, who is appearing pro-se, has not responded to the motion. The Court will dismiss the case.

On June 7, 2013, Mr. Vasquez filed suit in state court against Defendant, alleging sex and age discrimination in violation of the New Mexico Human Rights Act, N.M.S.A 1978, § 28-1-1 *et seq.*("NMHRA"), and a state-law claim for intentional infliction of emotional distress ("IIED"). All claims are associated with Mr. Vasquez's October 12, 2012 termination from employment. *See* Compl. at 3, 5 (Doc. 1-3). The Defendants removed the case to this Court, citing the Court's diversity jurisdiction. Because the Court is "sitting in diversity [it shall] apply state substantive law and federal procedural law." *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417, (2010).

Mr. Vasquez filed administrative charges with the New Mexico Department of Workforce Solutions, Human Rights Bureau/EEOC on November 14, 2012, *see* Doc. 6 at 9, and the Bureau issued an Order of Nondetermination on February 5, 2013, *see id.* at 10. The Order warned Vasquez that he had "ninety (90) days from the date of service of this Order of Nondetermination to file a notice of appeal in the district court of the county where the alleged

1

discriminatory practice occurred." *Id.* at 10.  Mr. Vasquez did not file his appeal, however, until 122 days after the Order had been served, thus it was untimely.  *See* N.M.S.A. 1978, § 28-1-13.  Accordingly, the "district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty [now ninety] days are not satisfied." *Mitchell-Carr v.McLendon,* 127 N.M. 282, 287, 980 P.2d 65,70 (1999).

To state a viable claim for IIED under New Mexico law, a plaintiff must allege facts demonstrating "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress.". <u>Trujillo v. N. Rio Arriba Elec. Coop., Inc., 131 N.M. 607, 616, 41 P.3d 333</u>, 342 (2002) (internal quotation marks omitted).  "Extreme and outrageous conduct is that which goes beyond bounds of common decency and is atrocious and intolerable to the ordinary person."  NMRA, Civ. UJI 13-1628 Intention Infliction of Emotional Distress; *Trujillo*, 131 N.M. at 616, 41 P.3d at 342 (quoting UJI 13-1628).  "As a threshold matter, the trial court should determine as a matter of law whether the conduct at issue "reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress." *Trujillo*, 131 N.M. at 616, 41 P.3d at 342.  It is only "[w]hen reasonable persons may differ on that question, [that] it is for the jury to decide, subject to the oversight of the court." *Id.* (internal quotation marks and citation omitted) (holding that the trial court should not have submitted the claim for IIED to the jury).  The New Mexico Supreme Court has determined that, "only in extreme circumstances can the act of firing an employee support a claim of intentional infliction of emotional distress. . . . Being fired is a common occurrence that rarely rises to the level of being 'beyond all possible bounds of decency' and 'utterly intolerable in a civilized community.'" *Id.* at 617, 41 P.3d at 343.

The factual allegations pleaded in support of Mr. Vasquez's IIED claim are that "Defendant engaged in extreme and outrageous conduct by terminating Mr. Vasquez for conduct that he was actually directed to perform in his employment," Compl. at 8, ¶ 45– *i.e.*, giving "handshakes and hugs to customers," *id.* at 3, ¶ 16, but Defendant did not fire other employees who did the same thing, *see id.* at 4, ¶ 18.  Mr. Vasquez was placed on notice that these allegations are not sufficient to state a claim for extreme and outrageous conduct, but he did not respond to the motion to dismiss or request the opportunity to amend his complaint to add allegations demonstrating such conduct.  Therefore, the Court concludes that Mr. Vasquez has failed to state a cognizable claim for IIED and his Complaint should be dismissed.  *See De La Rosa v. Presbyterian Healthcare Serv., Inc.*, No. 30,155, 2011 WL 6016977, *3 (N.M. Ct App. Nov. 16, 2011) (agreeing with the district court that the complaint's allegations did not "as a matter of law, constitute extreme and outrageous conduct" and affirming dismissal of complaint on motion to dismiss) (quoting and citing *Trujillo*).

**IT IS THEREFORE ORDERED** that the motion to dismiss [Doc. 6] is GRANTED and all claims are DISMISSED with prejudice.

Dated this 27th day of March, 2014.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**